UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-61931-FAM

CODY BECKER,
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

    Plaintiff,                                                         **JURY TRIAL DEMANDED**

v.

ADROIT HEALTH GROUP, LLC,

    Defendant.
_____/

**PLAINTIFF CODY BECKER'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH
<u>NON-PARTY SUBPOENA</u>**

Pursuant to Fed. R. Civ. P. 45, Plaintiff Cody Becker ("Plaintiff") respectfully moves this Court for an order compelling the production of documents subpoenaed from United Enrollment Services LLC ("United Enrollment") and to award Plaintiff his reasonable costs and fees associated with having to prepare and file this motion. In support, Plaintiff states:

Plaintiff is the named plaintiff and class representative in the instant action. In response to party discovery, on November 30, 2018, Defendant Adroit Health Group, LLC ("Adroit") identified United Enrollment as a party that would have information regarding the claims alleged herein. Accordingly, on December 1, 2018, Plaintiff provided a Subpoena and Subpoena Rider to its process server for service upon United Enrollment. The Subpoena was individually/personally served upon Mathew Sechter the Manager and Registered agent of United Enrollment on

December 18, 2018. *See* the attached printout from Sunbiz.org as **Exhibit "A"** and the executed Return of Service attached as **Exhibit "B"**.

As United Enrollment had failed to respond to the Subpoena, Plaintiff emailed United Enrollment at the email address provided by Defendant in their production with copies of the Subpoena and Subpoena Rider on January 3, 2019. As no answer to the email was received, Plaintiff's counsel again emailed United Enrollment with copies of the Subpoena and Subpoena Rider. United Enrollment has not responded to either email communication. *See* attached copies of the email communications which are attached as **Exhibit "C"**.

As such, it has become apparent to Plaintiff that United Enrollment will not comply with its obligations as a subpoenaed entity absent Court intervention.

## MEMORANDUM IN SUPPORT

Rule 45 governs discovery of non-parties by subpoena. Rule 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  Here, Plaintiff issued a valid subpoena seeking highly relevant information regarding the telemarketing practices at the center of his class action case, serving that subpoena on United Enrollment via email three times and via personal, hand-delivery once.  United Enrollment has refused to respond to the subpoena on each occasion.  Accordingly, the Court should compel United Enrollment to comply with the subpoena and produce responsive documents immediately.

The Court should also award the reasonable fees and costs to Plaintiff for having to prepare and file this motion, which could have been easily avoided.  Despite Plaintiff's counsel contacting United Enrollment through subpoena and email, United Enrollment has done nothing.

Given United Enrollment's total disregard for the subpoena, Plaintiff's fees and costs for bringing this motion are an appropriate sanction. Indeed, a subpoena issued on behalf of a federal court should be treated as a court order. *DeVolk v. JBC Legal Group PC*, 2008 WL 1777740 (M.D. Fla. Apr. 18, 2008) (citing Fed. R. Civ. P. 45(a) advisory committee note (1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Here, despite repeated service of the subpoena and multiple informal attempts to obtain compliance, United Enrollment has simply ignored the subpoena, which in turn, means it has ignored an order from a District Court. *See id*. United Enrollment has had ample opportunity to timely object, move for relief, or request an extension of time. Instead, it ignored the subpoena, which necessitated the filing of this motion. United Enrollment should thus bear the reasonable costs of the motion. *See Wouters v. Martin County*, 9 F,3d 924, 933 (11th Cir.1993).

WHEREFORE, Plaintiff respectfully requests the entry of an order compelling nonparty United Enrollment Services LLC to comply with the subpoena, awarding Plaintiff the reasonable costs and fees in bringing this motion, and any other relief the Court deems just and necessary. If the Court is inclined to award fees and costs, Plaintiff respectfully requests that he be allowed 14 days to submit the necessary documents supporting the fees and costs incurred.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Undersigned counsel for Plaintiff hereby represents that he was unable to comply with Local Rule 7.1(a)(3)'s conference requirement because the subpoenaed nonparty, United Enrollment, has failed entirely to respond to inquiries regarding the subpoena. Defendant takes no position on the instant motion.

Dated: January 10, 2019                                         Respectfully submitted,

        **EISENBAND LAW, P.A.**
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

*Counsel for Plaintiff*
*and the Proposed Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF. Additionally, a copy of the foregoing document is also being served via U.S. Mail to the following address:

UNITED ENROLLMENT SERVICES LLC
c/o its REGISTERED AGENT, MATHEW SECHTER
5455 N FEDERAL HIGHWAY, SUITE M, BOCA RATON, FL 33487
Email: Unitedenrollmentservices@gmail.com

        */s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
Email: Eisenband@Eisenbandlaw.com
Telephone: 954.533.4092
Florida Bar No. 94235